### KNIGHT et al. v. KNIGHT.

(Circuit Court of Appeals, Eighth Circuit. August 10, 1921. Rehearing Denied October 29, 1921.)

#### No. 5567.

Divorce ☞168—Validity of nunc pro tunc final decree by court having jurisdiction not subject to collateral attack.

Validity of nunc pro tunc final divorce decree, entered 14 years after rendition of interlocutory decree by the judge who had rendered the interlocutory decree, and who had jurisdiction of the parties and the subject-matter, on a finding that the court had signed a final decree,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which through inadvertence had not been presented to the clerk and had become lost, entered as of the date when such other final decree had been signed, cannot be attacked by persons not parties to such proceedings in action in another state, on the ground of insufficiency of evidence to sustain such finding.

Appeal from the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Action by Joseph E. Knight and others against Louise G. Knight. Decree for defendant, and plaintiffs appeals. Affirmed.

Edward Engerud, of Fargo, N. D. (A. G. Divet, D. B. Holt, and John S. Frame, all of Fargo, N. D., and S. B. Bartlett and J. F. Callahan, both of Casselton, N. D., on the brief), for appellants.

T. H. McEnroe, of Fargo, N. D., for appellee.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

HOOK, Circuit Judge. This is a controversy over the right of Louise G. Knight to a distributive share in real and personal property in Cass county, N. D., comprising the estate of S. H. Knight, who died intestate in California in January, 1914. She claims as the widow of the deceased. The plaintiffs, now appellants, are the children of the deceased by former marriages. They contend that Louise G. Knight is not his widow, because she had not been lawfully divorced from her husband, B. W. Bonfoey, in the superior court of Los Angeles county, Cal., before her marriage with the deceased.

It appears that, in an action for divorce by B. W. Bonfoey against Louise Bonfoey in the court at Los Angeles, an interlocutory decree was duly entered October 3, 1904, and in accordance with the laws of that state the decree provided that upon the expiration of one year a final decree of divorce should be entered. The final decree might be entered upon motion of either party, or by the court upon its own motion. Kerr's Civil Code, § 132. No final decree was in fact entered until 1918, but the parties proceeded upon the assumption that it had been a few days after the expiration of the year. In 1905 Mrs. Bonfoey, after the supposed divorce, married one Gordon in California. Gordon met his death by accident in 1909. In 1910 she married Knight in California, and they lived together in that state until his death in 1914. The North Dakota court, exercising probate jurisdiction in his estate there, entered a decree of distribution assigning to Mrs. Knight her share as widow under the laws of that state. It was discovered early in 1918 that no final decree of divorce in the Bonfoey case had been entered in California, and her right as Knight's widow was challenged by the plaintiffs. It was first challenged in a suit for partition of the estate, but the Supreme Court of North Dakota, where the case went, held it was a collateral attack upon the order of distribution, and therefore inadmissible. The plaintiffs next began this suit in the District Court of the United States for the District of North Dakota, directly attacking the order of distribution. The court below held with Mrs. Knight, and this appeal by plaintiffs followed.

While the partition proceedings in North Dakota were going on, an amended final decree of divorce in Bonfoey v. Bonfoey was entered nunc pro tunc in the California court upon a finding from proof that upon the expiration of a year from the interlocutory decree, to wit, about October 4, 1905, the judge of the court who had entered the interlocutory decree had actually signed a final decree, but that by inadvertence it had not been presented to the clerk and entered as such, and had become lost. The nunc pro tunc decree recites:

"And it appearing that said court did after the expiration of one year from the entry of said interlocutory decree to wit, on or about the 4th day of October, 1905, sign a final order and decree in conformity to said interlocutory decree, but that the same was through inadvertence not presented to the clerk and not entered by the clerk of said court and has become lost."

It may be observed in passing that the judge who made this finding and entered the final decree in 1918 as of 1905 was the same judge who rendered the interlocutory decree in 1904. The evidence upon which the above finding and the final decree were made does not appear upon the judgment roll. The point of plaintiffs' attack is the validity of the nunc pro tunc final decree of divorce.

The California court had jurisdiction of the parties to Bonfoey v. Bonfoey and of the subject-matter of the case. It also had power to consider and determine whether a final decree had been in fact duly rendered and signed, but not entered of record through inadvertence or mistake, and, if so, to cause it to be entered nunc pro tunc. This the California court has done, and it has violated no rule of law that would justify a court in North Dakota in holding its decisions for naught. If the California court erred within the exercise of its jurisdiction, there was the place for correction by appeal, not North Dakota. The plaintiffs contend that to authorize the entry of such a decree there should have been evidence of the actual rendition at the proper time by minutes or writings of some sort upon the records of the court's proceedings. But that is a question of proof, not of jurisdiction in its proper sense. Since the court in California had full jurisdiction of the parties in Bonfoey v. Bonfoey, both of whom resided there, and of the subject-matter of the action, and also to make its records speak the truth, the case is not like those in which the Supreme Court has so often questioned the validity of decrees of divorce when attacked in other states than where rendered. The entry of the decree in 1918 as of 1905, when it was actually rendered and signed, was upon Bonfoey's application, and it occurred when both parties, Bonfoey and his former wife, now Mrs. Knight, were before the court. Even if minutes upon the court's proceedings in 1905 were essential as proof, it does not appear upon the face of the decree attacked, or the judgment roll, that there were none. The plaintiffs, not parties to that record, are seeking in North Dakota a review of the evidence back of the decree to the same extent as if they were prosecuting an appeal in California. It needs no citation of authorities that such a position is untenable.

The decree of the court below is affirmed.